1  JEFFER, MANGELS, BUTLER & MARMARO LLP
   MARTIN H. ORLICK (Bar No. 083908) mho@jmbm.com
2  MATTHEW S. KENEFICK (Bar No. 227298) msk@jmbm.com
   Two Embarcadero Center, Fifth Floor
3  San Francisco, California 94111-3824
   Telephone:    (415) 398-8080
4  Facsimile:    (415) 398-5584

5  Attorneys for Defendants
   RICHARD and JANEY COLOMBINI

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| RICK FUTIA, | CASE NO.   C 075460 |
|---|---|
| Plaintiff, | ANSWER OF RICHARD AND JANEY COLOMBINI TO PLAINTIFF'S COMPLAINT |
| v. | |
| RICHARD AND JANEY COLOMBINI as Trustees of the Colombini Family 1993 Revocable Living Trust, | Complaint filed: October 25, 2007 |
| Defendants. | |

## ANSWER

Defendants Richard and Janey Colombini, ("Defendants"), for themselves and no others, hereby respond to Plaintiff's ("Plaintiff") Complaint (the "COMPLAINT") and answer, allege and aver as follows. Defendants reserve the right to amend, add, or strike affirmative defenses as discovery ensues or due to any inadvertence.

**FIRST CLAIM FOR RELIEF: DAMAGES AND INJUNCTIVE RELIEF FOR DENIAL OF FULL AND EQUAL ACCESS TO A PUBLIC ACCOMMODATION: PUBLIC FACILITIES AT A RESTAURANT (Civil Code § § 51, 54.1)**

1. In answer to paragraph 1 of the COMPLAINT, Defendants lack knowledge and information sufficient to enable them to form a belief as to the truth of the allegations in said paragraph.

2. In answer to paragraph 2 of the COMPLAINT, Defendants acknowledge the "Pizza Hut" is a restaurant located at 2695 El Camino Real, Santa Clara, California, and it is open to the public. Defendants are the owners of the land on which the restaurant is located.

3. In answer to paragraph 3 of the COMPLAINT, Defendants lack sufficient information to respond to those allegations and, accordingly, deny each and every allegation in the paragraph. Defendants deny Plaintiff is entitled to damages. Defendants deny Plaintiff is entitled to attorneys' fees and litigation expenses.

4. In answer to paragraph 4 of the COMPLAINT, Defendants admit this court has jurisdiction over the type and style of the claims brought by Plaintiff, but denies the remaining allegations.

5. In answer to paragraph 5 of the COMPLAINT, Defendants admit this court has jurisdiction over the type and style of the claims brought by Plaintiff, but denies the remaining allegations.

6. In answer to paragraph 6 of the COMPLAINT, Defendants admit this court has jurisdiction over the type and style of the claims bought by Plaintiff, but denies the remaining allegations.

7. In answer to paragraph 7 of the COMPLAINT, Defendants acknowledge the restaurant is open to the public.

8. In answer to paragraph 8 of the COMPLAINT, Defendants state this paragraph is left blank except for the word "placeholder".

9. In answer to paragraph 9 of the COMPLAINT, Defendants admit they own the real property where the restaurant is located, but deny all remaining allegations.

10. In answer to paragraph 10 of the COMPLAINT, Defendants state this

paragraph contains conclusory statements of law rather than facts, and does not require any response by Defendants. As to any allegations that are factual in nature, Defendants lack information sufficient to respond to those allegations and, accordingly, deny each and every allegation in the paragraph.

11. In answer to paragraph 11 of the COMPLAINT, Defendants state the averments are conclusions of law, which require no responsive pleading under the Federal Rules of Civil Procedure.

12. In answer to paragraph 12 of the COMPLAINT, Defendants state the averments are conclusions of law, which require no responsive pleading under the Federal Rules of Civil Procedure.

13. In answer to paragraph 13 of the COMPLAINT, Defendants lack information sufficient to respond to those allegations and, accordingly, deny each and every allegation in the paragraph. Defendants deny they violated any federal laws that interfere with access to the physically disabled.

14. In answer to paragraph 14 of the COMPLAINT, Defendants deny each and every allegation contained therein. The allegations of paragraph 14 are too vague and ambiguous.

15. In answer to paragraph 15 of the COMPLAINT, Defendants acknowledge Plaintiff seeks injunctive relief but deny Plaintiff is entitled to any such relief. Defendants deny each and every allegation contained therein. The allegations of paragraph 15 are too vague and ambiguous.

16. In answer to paragraph 16 of the COMPLAINT, Defendants deny Plaintiff has been injured in any manner as described in the COMPLAINT, and deny Plaintiff is entitled to any damages under state or federal law. Defendants further deny Plaintiff is entitled to any declaratory or injunctive relief.

17.     In answer to paragraph 17 of the COMPLAINT, Defendants deny Plaintiff has been injured in any manner as described in the COMPLAINT, and deny Plaintiff is entitled to any damages, attorneys' fees and costs. Defendants further deny Plaintiff is entitled to any declaratory or injunctive relief.

18.     In answer to paragraph 18 of the COMPLAINT, Defendants deny Plaintiff has been injured in any manner as described in the COMPLAINT, and deny Plaintiff is entitled to any damages, attorneys' fees and costs. Defendants further deny Plaintiff is entitled to any declaratory or injunctive relief.

WHEREFORE, Defendants prays for judgment as hereinafter set forth.

**SECOND CLAIM FOR RELIEF: VIOLATION OF THE AMERICANS WITH DISABILITIES ACT OF 1990 42 U.S.C. § § 12101**

19.     In answer to paragraph 19 of the COMPLAINT, Defendants incorporate by reference each admission, denial, and each answer to every allegation contained in paragraphs 1 through 18, inclusive, as though fully set forth herein.

20.     In answer to paragraph 20 of the COMPLAINT, Defendants state the averments are conclusions of law, which require no responsive pleading under the Federal Rules of Civil Procedure.

21.     In answer to paragraph 21 of the COMPLAINT, Defendants state the averments are conclusions of law, which require no responsive pleading under the Federal Rules of Civil Procedure.

22.     In answer to paragraph 22 of the COMPLAINT, Defendants state the averments are conclusions of law, which require no responsive pleading under the Federal Rules of Civil Procedure.

23.     In answer to paragraph 23 of the COMPLAINT, Defendants state the averments are conclusions of law, which require no responsive pleading under the Federal Rules of Civil Procedure.

24.     In answer to paragraph 24 of the COMPLAINT, Defendants state the averments are conclusions of law, which require no responsive pleading under the Federal Rules of

Civil Procedure.

25.  In answer to paragraph 25 of the COMPLAINT, Defendants deny the allegations set forth therein.

26.  In answer to paragraph 26 of the COMPLAINT, Defendants deny Plaintiff has been injured in any manner as described in the COMPLAINT, and deny Plaintiff is entitled to any damages, attorneys' fees and costs.  Defendants deny each and every allegation of this paragraph.

27.  In answer to paragraph 27 of the COMPLAINT, Defendants deny Plaintiff has been injured in any manner as described in the COMPLAINT, and deny Plaintiff is entitled to any damages, attorneys' fees and costs.  Defendants deny each and every allegation of this paragraph.

WHEREFORE, Defendants prays for judgment as hereinafter set forth.

### AFFIRMATIVE DEFENSES TO ALL CLAIMS FOR RELIEF

1.  FOR A FIRST AFFIRMATIVE DEFENSE, Defendants allege the COMPLAINT as a whole, and each claim for relief asserted therein, fails to state a claim upon which relief may be granted as to Defendants.

2.  FOR A SECOND AFFIRMATIVE DEFENSE, Defendants are informed and believe, and based thereon allege, that Plaintiff's COMPLAINT, or parts thereof, is barred by the applicable statutes of limitations.

3.  FOR A THIRD AFFIRMATIVE DEFENSE, although Defendants deny Plaintiff has been damaged in any way, if it should be determined Plaintiff has been damaged, then Defendants allege, based on information and belief, the proximate cause of such damage was the conduct of Plaintiff or others for which Defendants were not and are not responsible.

4.  FOR A FOURTH AFFIRMATIVE DEFENSE, Defendants allege the violations alleged by Plaintiff are within the dimensional tolerances allowed by state and federal law.

5.  FOR A FIFTH AFFIRMATIVE DEFENSE, Defendants are informed and believe, and based thereon allege, insofar as portions of the property may have been altered during

any relevant time period, such alterations, if any, are reasonably accessible to and usable by individuals with disabilities in accordance with the Americans With Disabilities Act Accessibility Guidelines, Appendix "A" to 28 Code of Federal Regulations, Part 36, revised as of July 1, 1994 ("ADAAG"), to the maximum extent feasible, and is therefore in compliance with applicable law.

6. FOR A SIXTH AFFIRMATIVE DEFENSE, Defendants allege Plaintiff's COMPLAINT presents no actual case or controversy, or justifiable issue suitable for determination by this Court.

7. FOR A SEVENTH AFFIRMATIVE DEFENSE, although Defendants deny Plaintiff has been damaged in any way, if it should be determined Plaintiff has been damaged, Defendants allege, based on information and belief, Plaintiff has failed to mitigate his purported damages and further allege, to the extent any damages could have been mitigated, such sums should be deducted from any award of damages.

8. FOR AN EIGHTH AFFIRMATIVE DEFENSE, Defendants allege Plaintiff is not entitled to plead or recover damages; however, if Plaintiff is entitled to any damages under the circumstances alleged in the COMPLAINT, or in any other respect, which they deny, these injuries and damages were wholly or in part, directly, proximately caused and contributed to by the negligence, carelessness, lack of due care and fault of third parties. In the event Plaintiff is found to have sustained any injuries and to be entitled to any damages, which Defendants deny, Defendants are liable only for that portion of any damages which correspond to their degree of fault or responsibility and is not liable for any damage attributable to the responsibility, negligence or fault of any other party.

9. FOR A NINTH AFFIRMATIVE DEFENSE, Defendants allege Plaintiff's recovery in this action is barred because Defendants' alleged acts and/or omissions do not constitute a denial to physically-disabled persons of full and equal access to the property or the Restaurant.

10. FOR A TENTH AFFIRMATIVE DEFENSE, Defendants allege Plaintiff's recovery in this action is barred because Defendants' acts or omissions, as alleged in the COMPLAINT, to the extent they committed any acts or omissions at all, were done in good faith pursuant to reasonable business justifications and do not constitute intentional acts or omissions

resulting in any discrimination against disabled persons, or anyone else.

11.    FOR AN ELEVENTH AFFIRMATIVE DEFENSE, Defendants are informed and believe, and based thereon allege, the COMPLAINT, and the whole thereof, is barred by the doctrine of waiver.

12.    FOR A TWELFTH AFFIRMATIVE DEFENSE, Defendants are informed and believe, and based thereon allege, the COMPLAINT, and the whole thereof, is barred by the doctrine of estoppel.

13.    FOR A THIRTEENTH AFFIRMATIVE DEFENSE, Defendants are informed and believe, and based thereon allege, the COMPLAINT, and the whole thereof, are barred by the doctrine of unclean hands by Plaintiff.

14.    FOR A FOURTEENTH AFFIRMATIVE DEFENSE, Defendants allege Plaintiff's recovery in this action is barred because Defendants' conduct was, at all times mentioned in the COMPLAINT, justified and privileged.

15.    FOR A FIFTEENTH AFFIRMATIVE DEFENSE, Defendants are informed and believe, and based thereon allege, the COMPLAINT is barred by the doctrines of laches and acquiescence.

16.    FOR A SIXTEENTH AFFIRMATIVE DEFENSE, Defendants are informed and believe, and based thereon allege, each of Plaintiff's purported claims for relief against Defendants is frivolous and unsupported.

17.    FOR A SEVENTEENTH AFFIRMATIVE DEFENSE, Defendants allege Plaintiff voluntarily and with knowledge of the matters referred to in the COMPLAINT assumed any and all of the risks, hazards and perils of the conditions referred to therein, and therefore, assumed the risk of any injuries or damages sustained, if any.

18.    FOR AN EIGHTEENTH AFFIRMATIVE DEFENSE, Defendants allege the COMPLAINT fails to state facts that would support an award of attorneys' fees or costs against Defendants.

19.    FOR A NINETEENTH AFFIRMATIVE DEFENSE, Defendants allege the COMPLAINT fails to state facts sufficient to entitle Plaintiff to an award of injunctive relief.

20. FOR A TWENTIETH AFFIRMATIVE DEFENSE, Defendants allege Plaintiff's prayer for injunctive relief is barred on the grounds the alleged harm Plaintiff seeks to enjoin is entirely speculative.

21. FOR A TWENTY-FIRST AFFIRMATIVE DEFENSE, Defendants are informed and believe, and based thereon allege, alterations would not be technically feasible or practicable from a structural or legal standpoint.

22. FOR A TWENTY-SECOND AFFIRMATIVE DEFENSE, Plaintiff cannot establish a violation of Title III because Plaintiff is unable to show: (1) he is a qualified individual with a disability within the meaning of the ADA; (2) he is a qualified "person" under the ADA; (3) he was excluded from participation in or denied the benefits or services, or was otherwise discriminated against by Defendants; (4) any exclusion was by reason of said disability; (5) Plaintiff suffered an injury in fact; and/or (6) there is any threat of future harm to Plaintiff.

23. FOR A TWENTY-THIRD AFFIRMATIVE DEFENSE, Defendants assert at all times mentioned in the COMPLAINT, and with respect to all matters mentioned therein, they acted in good faith, exercised reasonable care, and complied with all duties owed by them.

24. FOR A TWENTY-FOURTH AFFIRMATIVE DEFENSE, Defendants allege they cannot fully anticipate all affirmative defenses applicable to this action based upon the conclusory terms used in the COMPLAINT. Defendants' defenses will depend heavily on Defendants' expert's opinion. Accordingly, Defendants expressly reserve the right to assert further defenses if, and to the extent, such affirmative defenses become applicable.

WHEREFORE, Defendants pray:

1. Plaintiff's COMPLAINT be dismissed with prejudice;
2. Plaintiff take nothing by reason thereof;
3. Judgment be entered in favor of Defendants;
4. Defendants be awarded its attorneys' fees and costs of suit; and

666921v1

- 8 -    ANSWER TO COMPLAINT Case No. 07-cv-5460

5.    For such other and further relief as the Court deems just and proper.

DATED:  March 18, 2008

JEFFER, MANGELS, BUTLER & MARMARO LLP
MARTIN H. ORLICK


By:  /s/ Martin H. Orlick
           MARTIN H. ORLICK
Attorneys for Defendants RICHARD AND JANEY COLOMBINI as Trustees of the Colombini Family 1993 Revocable Living Trust

# PROOF OF SERVICE

**STATE OF CALIFORNIA, CITY AND COUNTY OF SAN FRANCISCO**

I am employed in the City and County of San Francisco, State of California. I am over the age of 18 and not a party to the within action; my business address is: Two Embarcadero Center, 5th Floor, San Francisco, California 94111.

On March 18, 2008 I served the document(s) described as ANSWER OF DEFENDANTS RICHARD AND JANEY COLOBINI TO PLAINTIFF'S COMPLAINT in this action by placing the true copies thereof enclosed in sealed envelopes addressed as follows:

Thomas N. Stewart, III
Attorney at Law
369 Blue Oak Lane, 2nd Floor
Clayton, CA 94517

☒ (BY MAIL) I am "readily familiar" with the firm's practice for collection and processing correspondence for mailing. Under that practice it would be deposited with the U.S. Postal Service on that same day with postage thereon fully prepaid at San Francisco, California in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

☐ (BY FAX) At         , I transmitted, pursuant to Rule 2.306, the above-described document by facsimile machine (which complied with Rule 2003(3)), to the above-listed fax number(s). The transmission originated from facsimile phone number (415) 398-5584 and was reported as complete and without error. The facsimile machine properly issued a transmission report, a copy of which is attached hereto.

☐ (BY PERSONAL SERVICE) I delivered such envelope by hand to the offices of the addressee.

☐ (BY OVERNIGHT DELIVERY) I caused said envelope(s) to be delivered overnight via an overnight delivery service in lieu of delivery by mail to the addressee(s).

Executed on March 18, 2008 at San Francisco, California.

☒ (FEDERAL)   I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made.

_____
Angela Pereira